UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET A. GIVANS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV1896 JCH |
| ) | |
| BELLEFONTAINE HABILITATION ) | |
| CENTER, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendants Simone Shelton and Stephanie Curlett's Motion to Dismiss, filed December 22, 2005. (Doc. No. 10). The motion is fully briefed and ready for disposition.

## **BACKGROUND**

By way of background, Plaintiff Margaret A. Givans filed her Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") on October 17, 2005. (Doc. No. 1). In her Complaint, Plaintiff names as Defendants Bellefontaine Habilitation Center, Simone Shelton and Stephanie Curlett. Plaintiff asserts Defendants' actions amounted to unlawful sexual harassment, in violation of Title VII. (Id., ¶¶ 9, 11).

As stated above, Defendants Shelton and Curlett filed the instant Motion to Dismiss on December 22, 2005. (Doc. No. 10). In their motion, Defendants maintain Plaintiff's Title VII claims against them must be dismissed, as individual employees are not subject to suit under Title VII. (Id., ¶ 1).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## DISCUSSION

In their sole argument in favor of dismissal, Defendants Shelton and Curlett maintain Plaintiff cannot recover against them, as individuals may not be held liable under Title VII. (Memorandum of Law in Support of Defendants Shelton and Curlett's Motion to Dismiss, PP. 2-3). Upon consideration, the Court agrees that, "[b]ecause Title VII only applies to employers, mere employees cannot be sued in their individual capacities." Ashford v. City of Lake Ozark, 2006 WL 222124 at *2 (W.D. Mo. Jan. 25, 2006), citing Lenhardt v. Basic Inst. of Technology, Inc., 55 F.3d 377, 381 (8th Cir. 1995) ("[S]upervisors and other employees cannot be held liable under Title VII in their individual capacities."). See also Robertson v. Budrovich, 2005 WL 3021110 at *1-2 (E.D. Mo. Nov. 10, 2005). The Court thus will dismiss Plaintiff's Complaint, as it pertains to individual Defendants Shelton and Curlett.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Shelton and Curlett's Motion to Dismiss (Doc. No. 10) is **GRANTED**, and all claims against Defendants Simone Shelton and Stephanie Curlett are **DISMISSED** with prejudice.

Dated this 8th day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE