UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET A. GIVANS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV1896 JCH |
| ) | |
| BELLEFONTAINE HABILITATION ) | |
| CENTER, et al., ) | |
| ) | |
| Defendant(s). ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Bellefontaine Habilitation Center's Motion to Dismiss, filed March 29, 2006. (Doc. No. 21). Plaintiff has not responded to the motion.

By way of background, Plaintiff Margaret A. Givans filed her Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") on October 17, 2005. (Doc. No. 1). In her Complaint, Plaintiff named as Defendants Bellefontaine Habilitation Center ("BHC"), Simone Shelton and Stephanie Curlett.[1] Plaintiff asserted Defendants' actions amounted to unlawful sexual harassment, in violation of Title VII. (Id., ¶¶ 9, 11). In the instant motion, Defendant BHC maintains Plaintiff's Title VII claims against it must be dismissed, as BHC is not an entity subject to suit. (Doc. No. 21).

In ruling on a motion to dismiss, the court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts

---

[1] In an Order entered March 8, 2006, this Court dismissed Plaintiff's claims against Defendants Shelton and Curlett. (Doc. No. 18).

in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

As stated above, in its sole argument in favor of dismissal, Defendant BHC maintains Plaintiff fails to state a claim under Title VII against it, because BHC is not a legal entity capable of being sued, but rather is a facility administered by the Missouri Department of Mental Health. Upon consideration, the Court agrees that BHC is not a legal entity that can be sued. BHC's Motion to Dismiss on this basis will therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bellefontaine Habilitation Center's Motion to Dismiss (Doc. No. 21) is **GRANTED**, and Plaintiff's claims against BHC are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint in this matter (Doc. No. 1) is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of June, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE